UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JOHN BENNETT,

                                    Plaintiff,     **AMENDED COMPLAINT**

            -against-                        13 Civ. 5558 (PKC)

THE CITY OF NEW YORK, DET. ALEXANDER SOSA,    **JURY TRIAL DEMANDED**
P.O. KEVIN STEWART, UNDERCOVER C0106, LT.
JUSTIN HOFFMAN, DET. NELSON PABONE, DET.
DARREL O'NEILL, and P.O.s  JOHN and JANE DOE
#1-10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                  Defendants.

---------------------------------------------------------------------X

      Plaintiff JOHN BENNETT, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§  1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff JOHN BENNETT is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants DET. ALEXANDER SOSA, P.O. KEVIN STEWART, UNDERCOVER C0106, LT. JUSTIN HOFFMAN, DET. NELSON PABONE, DET. DARREL O'NEILL, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On October 23, 2012, at approximately 5:30 p.m., plaintiff JOHN BENNETT was lawfully present in front of a bodega near the corner of W. 145th Street and Broadway, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff JOHN BENNETT did not possess or sell marijuana or any other unlawful substance, did not participate in any such sale, and did not participate in any other unlawful act whatsoever.

15. At aforesaid time and place, plaintiff JOHN BENNETT was not behaving in a manner that would suggest to any reasonable police officer that plaintiff possessed or sold marijuana or any other unlawful substance, participated in any such sale, or participated in any other unlawful act whatsoever.

16. Nonetheless, at aforesaid time and place, plaintiff JOHN BENNETT was suddenly accosted by members of the New York City Police Department, including, upon information and belief, defendants DET. ALEXANDER SOSA, P.O. KEVIN STEWART, and UNDERCOVER C0106, LT. JUSTIN HOFFMAN, DET. NELSON PABONE, DET. DARREL

O'NEILL.

17. Defendants handcuffed plaintiff JOHN BENNETT and placed him under arrest on drug charges, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants transported plaintiff JOHN BENNETT to the 25th Precinct of the New York City Police Department in New York, New York, and from there to Manhattan Central Booking.

19. At plaintiff JOHN BENNETT's arraignment, bail was set because of defendants' false statements.

20. Plaintiff JOHN BENNETT was unable to make bail and therefore remained in custody for approximately forty-eight hours.

21. Defendants initiated criminal proceedings against plaintiff JOHN BENNETT despite defendants' knowledge that they lacked probable cause to do so.

22. During the period between October 23, 2012 and March 26, 2013, plaintiff JOHN BENNETT was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

23. On or about March 26, 2013, all charges against plaintiff JOHN BENNETT were dismissed for facial insufficiency.

24. As a result of the foregoing, plaintiff JOHN BENNETT sustained, *inter alia*, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## MONELL FACTS

25. Both before and after the arrests of plaintiff JOHN BENNETT, a custom and practice of lawlessness and corruption pervaded NYPD narcotics operations.

26. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff JOHN BENNETT without probable cause and to manufacture evidence against him.

27. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

28. The on-going custom and practice in making unlawful and fraudulent narcotics arrests was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

29. On May 29, 2013, P.O. Isaias Alicea was convicted of ten felony counts of filing a false document and one misdemeanor count of official misconduct after falsely claiming that he saw two men conducting a drug deal in West Harlem.

30. Upon information and belief, because of the custom and practice of corruption and lawlessness by NYPD narcotics officers, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

31. Both before and after the arrest of plaintiff JOHN BENNETT, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

32. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

33. The existence of quotas may also be inferred from the facts set forth in the Second Amended Complaint in *Floyd v. City of New York*, 08 Civ. 1034 (SAS); from Judge Scheindlin's

Opinion & Order in *Floyd* dated May 16, 2012, granting class certification; and from testimony and exhibits introduced by the plaintiffs in *Floyd* during the trial of that matter.

34.     Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff JOHN BENNETT without probable cause and to manufacture evidence against him.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

37.     All of the aforementioned acts deprived plaintiff JOHN BENNETT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of the aforesaid conduct by defendants, plaintiff JOHN BENNETT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiff JOHN BENNETT's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Each and every individual defendant had an affirmative duty to intervene on plaintiff JOHN BENNETT's behalf to prevent the violation of his constitutional rights.

46. The individual defendants failed to intervene on plaintiff JOHN BENNETT's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

47. As a result of the aforementioned conduct of the individual defendants, plaintiff JOHN BENNETT's constitutional rights were violated and he was subjected to a false arrest and malicious prosecution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants misrepresented and falsified evidence before the District Attorney.

50. Defendants did not make a complete and full statement of facts to the District Attorney.

51. Defendants withheld exculpatory evidence from the District Attorney.

52. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOHN BENNETT.

53. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOHN BENNETT.

54. Defendants acted with malice in initiating criminal proceedings against plaintiff JOHN BENNETT.

55. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOHN BENNETT.

56. Defendants lacked probable cause to continue criminal proceedings against plaintiff JOHN BENNETT.

57. Defendants acted with malice in continuing criminal proceedings against plaintiff JOHN BENNETT.

58. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

59. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOHN BENNETT's favor on March 26, 2013, when all charges against him were dismissed.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants issued legal process to place plaintiff JOHN BENNETT under arrest.

62. Defendants arrested plaintiff JOHN BENNETT in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. Defendants acted with intent to do harm to plaintiff JOHN BENNETT without excuse or justification.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants created false evidence against plaintiff JOHN BENNETT.

66. Defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

67. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

68. In creating and forwarding false information to prosecutors, defendants violated plaintiff JOHN BENNETT's constitutional right to a fair trial under the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants arrested, incarcerated, and prosecuted plaintiff JOHN BENNETT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

74. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the factual

averments of the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN BENNETT.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN BENNETT as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOHN BENNETT as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOHN BENNETT was falsely arrested and incarcerated and maliciously prosecuted.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOHN BENNETT.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOHN BENNETT's constitutional rights.

81. All of the foregoing acts by defendants deprived plaintiff JOHN BENNETT of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To be free from malicious abuse of process;

   E. Not to have cruel and unusual punishment imposed upon him; and

   F. To receive equal protection under the law.

82. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JOHN BENNETT demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         December 5, 2013

                                                    _____/s_____
                                                    ROSE M. WEBER (RW 0515)
                                                    30 Vesey Street, Suite 1801
                                                    New York, NY 10007
                                                    (212) 748-3355